# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability<br>[ ] 196 Franchise | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury<br>[ ] 362 Personal Injury - Medical Malpractice<br><br>**PERSONAL INJURY**<br>[ ] 365 Personal Injury - Product Liability<br>[ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br><br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881<br>[ ] 690 Other<br><br>**LABOR**<br>[ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Management Relations<br>[ ] 740 Railway Labor Act<br>[ ] 751 Family and Medical Leave Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Employee Retirement Income Security Act | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 835 Patent - Abbreviated New Drug Application<br>[ ] 840 Trademark<br>[ ] 880 Defend Trade Secrets Act of 2016<br><br>**SOCIAL SECURITY**<br>[ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S. Plaintiff or Defendant)<br>[ ] 871 IRS—Third Party 26 USC 7609 | [ ] 375 False Claims Act<br>[ ] 376 Qui Tam (31 USC 3729(a))<br>[ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced and Corrupt Organizations<br>[ ] 480 Consumer Credit (15 USC 1681 or 1692)<br>[ ] 485 Telephone Consumer Protection Act<br>[ ] 490 Cable/Sat TV<br>[ ] 850 Securities/Commodities/ Exchange<br>[ ] 890 Other Statutory Actions<br>[ ] 891 Agricultural Acts<br>[ ] 893 Environmental Matters<br>[ ] 895 Freedom of Information Act<br>[ ] 896 Arbitration<br>[ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>[ ] 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>[ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | **CIVIL RIGHTS**<br>[ ] 440 Other Civil Rights<br>[ ] 441 Voting<br>[ ] 442 Employment<br>[ ] 443 Housing/ Accommodations<br>[ ] 445 Amer. w/Disabilities - Employment<br>[ ] 446 Amer. w/Disabilities - Other<br>[ ] 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>[ ] 463 Alien Detainee<br>[ ] 510 Motions to Vacate Sentence<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>**Other:**<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition<br>[ ] 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>[ ] 462 Naturalization Application<br>[ ] 465 Other Immigration Actions | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____

Brief description of cause:
_____

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD
/s/ Patrick R. McHugh

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __63 Green Briar Drive, Phoenixville, PA 19460__

Address of Defendant: __175 Berkeley Street, Boston, MA 02116__

Place of Accident, Incident or Transaction: __63 Green Briar Drive, Phoenixville, PA 19460__

---

*RELATED CASE, IF ANY:*

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✔]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✔]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [✔]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [✔]

I certify that, to my knowledge, the within case [ ] is / [ ] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __08/11/2021__    __/s/ Patrick R. McHugh__    __325953__
                        *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A.   *Federal Question Cases:*
[ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
[ ] 2. FELA
[ ] 3. Jones Act-Personal Injury
[ ] 4. Antitrust
[ ] 5. Patent
[ ] 6. Labor-Management Relations
[ ] 7. Civil Rights
[ ] 8. Habeas Corpus
[ ] 9. Securities Act(s) Cases
[ ] 10. Social Security Review Cases
[ ] 11. All other Federal Question Cases
   *(Please specify):* _____

B.   *Diversity Jurisdiction Cases:*
[✔] 1. Insurance Contract and Other Contracts
[ ] 2. Airplane Personal Injury
[ ] 3. Assault, Defamation
[ ] 4. Marine Personal Injury
[ ] 5. Motor Vehicle Personal Injury
[ ] 6. Other Personal Injury *(Please specify):* _____
[ ] 7. Products Liability
[ ] 8. Products Liability – Asbestos
[ ] 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

[ ] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: _____    _____    _____
                      *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| DAMIAN DOYLE and KAREN DOYLE | : | |
|---|---|---|
| | : | |
| v. | : | |
| | : | NO: |
| LIBERTY MUTUAL INSURANCE COMPANY | : | |
| | : | **JURY TRIAL OF 12 DEMANDED** |

**NOTICE OF REMOVAL**

AND NOW, comes the defendant, Liberty Mutual Insurance Company, for the purpose only of filing this notice of removal of this case to the United States District Court for the Eastern District of Pennsylvania and respectfully avers as follows:

1. This is a civil action filed and now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, Docket No: 210602613.

2. The action was initiated by the filing of a complaint on July 2, 2021. A copy of the Complaint is attached hereto as Exhibit "A".

3. Plaintiffs served a copy of the Complaint on defendant on July 12, 2021.

4. Plaintiffs are citizen of the Commonwealth of Pennsylvania.

5. Defendant is a Michigan corporation with its principal place of business in Boston, Massachusetts.

6. Defendant is a citizen of Massachusetts and Plaintiffs are citizens of Pennsylvania. Complete diversity existed between the parties both at the time of the filing of the Complaint and at the time of the filing of this notice of removal.

7. Plaintiffs' Complaint alleges breach of contract and statutory bad faith claim against defendant.

8. In Count I of the Complaint, Plaintiffs demand damages in "an amount in excess of

$50,000." Exhibit A, Count I.

9.    In Count II of the Complaint, Plaintiffs demand damages in "an amount in excess of $50,000." Exhibit A, Count II.

10.   Defendant seeks to remove this matter to the United States District Court for the Eastern District of Pennsylvania. Defendant asserts that the potential amount in controversy in this matter exceeds $75,000.

11.   As the moving party, defendant bears the burden of proving that jurisdiction is proper in federal court. Russ vs. State Farm Mutual Automobile Insurance Company, 961 F.Supp. 808, 810 (E.D. Pa. 1997).

12.   In determining whether the jurisdictional amount has been satisfied, the Court must first look at the complaint. Angus vs. Shiley, Inc., 989 F.2d 142, 145 (3rd Circ. 1993).

13.   Plaintiffs' Complaint alleges damages in the total amount of $49,848.08 for the breach of contract claim. See Exhibit A.

14.   With reference to the bad faith claims pursuant to 42 Pa. C.S.A.§8371, Plaintiffs seek attorney's fees.  Attorney's fees must also be included in determining the amount in controversy. Neff vs. General Motors Corp., 163 F.R.D. 478, 482 (E.D. Pa. 1995). It would not be unreasonable to expect that over the course of an approximate six month litigation, counsel could incur costs and fees in an amount approaching $25,000.

15.   In addition, Plaintiffs also seek punitive damages pursuant to 42 Pa. C.S.A. §8371. Whether both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied. Bell vs. Preferred Life Assurance Soc'y, 320 U.S. 238, 240, 88 L. Ed. 15, 64 S. Ct. 5 (1943).

16. In the event Plaintiffs are able to sustain a finding of bad faith, although the propriety of same is disputed by moving Defendant, it is not unreasonable to expect that a punitive damage award up to two or three times the amount in controversy could be rendered by the trier of fact.

17. Further, once the suit was initiated plaintiffs' counsel declined to stipulate to cap plaintiffs' damages at $75,000.

18. Thus, the full amount of plaintiffs' claimed damages are in controversy at this time, which is in excess of the jurisdictional requirement of $75,000.

19. Therefore, the amount in controversy exceeds $75,000, and this action is properly removable on diversity grounds.

20. 28 U.S.C. §1446(b) provides that:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

21. Defendant files this Notice of Removal pursuant to 28 U.S.C. §1446(b).

22. This notice of removal is being filed within 30 days of defendant's receipt of plaintiffs' Complaint

23. The averments made herein are true and correct with respect to the date upon which plaintiffs filed their Complaint and the date upon which Defendant received plaintiffs' Complaint and filed this notice of removal.

24. Defendant has simultaneously with the filing of this notice of removal given written notice to Plaintiffs.

25. Defendant is filing a copy of the instant Notice of Removal and all attachments thereto with the Prothonotary of the Court of Common Pleas of Philadelphia County.

WHEREFORE, defendant Liberty Mutual Personal Insurance Company hereby removes this suit to this Honorable Court pursuant to the laws of the United States.

        **Respectfully Submitted:**

        **BENNETT, BRICKLIN & SALTZBURG LLC**

By:    */s/ **Patrick R. McHugh***
       ROBERT T. GROLNICK,
       Attorney I.D. No. 82173
       PATRICK MCHUGH
       Attorney I.D. No, 325953
       Centre Square, West Tower
       1500 Market Street, 32nd Floor
       Philadelphia, PA 19102
       215-561-4300
       grolnick@bbs-law.com
       patrick.mchugh@bbs-law.com
       Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DAMIAN DOYLE and KAREN DOYLE | : |
| | : |
| v. | : |
| | : NO: |
| LIBERTY MUTUAL INSURANCE COMPANY | : |

**NOTICE TO PLAINTIFFS**

TO:  Damian Doyle and Karen Doyle
     c/o Michael Casper, Esquire
     Wheeler, DiUlio & Barnabei, P.C.
     One Penn Center – Suite 1270
     1617 John F. Kennedy Boulevard
     Philadelphia, PA 19103

Please take notice that defendant, Liberty Mutual Insurance Company by its attorneys Bennett, Bricklin & Saltzburg LLC, have filed a Notice of Removal in the United States District Court for the Eastern District of Pennsylvania regarding an action previously pending in the Court of Common Pleas of Philadelphia County, No. 210602613 captioned <u>Damian Doyle and Karen Doyle v. Liberty Mutual  Insurance Company</u>.

         **Respectfully Submitted:**

         **BENNETT, BRICKLIN & SALTZBURG LLC**

By: */s/ Patrick R. McHugh*
   ROBERT T. GROLNICK,
   Attorney I.D. No. 82173
   PATRICK MCHUGH
   Attorney I.D. No, 325953
   Centre Square, West Tower
   1500 Market Street, 32nd Floor
   Philadelphia, PA 19102
   215-561-4300
   grolnick@bbs-law.com
   patrick.mchugh@bbs-law.com
   Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DAMIAN DOYLE and KAREN DOYLE | : |
| v. | : : : NO: |
| LIBERTY MUTUAL INSURANCE COMPANY | : : : : |

**PROOF OF FILING**

Patrick R. McHugh, Esquire, being duly sworn according to law, deposes and says that he is an attorney in the law firm of Bennett, Bricklin & Saltzburg LLC, attorneys for defendant, Liberty Mutual Insurance Company, and that he did direct the filing with the Prothonotary of the Court of Common Pleas of Philadelphia County a copy of the Notice of Removal attached hereto, said filing being made electronically on   August 11, 2021.                .

**Respectfully Submitted:**

**BENNETT, BRICKLIN & SALTZBURG LLC**

By:   */s/ Patrick R. McHugh*
ROBERT T. GROLNICK,
Attorney I.D. No. 82173
PATRICK MCHUGH
Attorney I.D. No, 325953
Centre Square, West Tower
1500 Market Street, 32nd Floor
Philadelphia, PA 19102
215-561-4300
grolnick@bbs-law.com
patrick.mchugh@bbs-law.com
Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DAMIAN DOYLE and KAREN DOYLE <br><br> v. <br><br> LIBERTY MUTUAL INSURANCE COMPANY | : <br> : <br> : <br> : NO: <br> : <br> : <br> : |

## PROOF OF SERVICE

      Patrick R. McHugh, Esquire, after being first duly sworn upon oath, deposes and says that he is an attorney in the law firm of Bennett, Bricklin & Saltzburg LLC, attorneys for the defendant, Liberty Mutual Personal Insurance Company, and that he did serve this 11th day of August, 2021, the aforementioned Notice to Plaintiffs upon the individual named below via email and electronic service through the Court of Common Pleas of Philadelphia County.

    Damian Doyle and Karen Doyle
    c/o Michael Casper, Esquire
    Wheeler, DiUlio & Barnabei, P.C.
    One Penn Center – Suite 1270
    1617 John F. Kennedy Boulevard
    Philadelphia, PA 19103

                            **Respectfully Submitted:**

                            **BENNETT, BRICKLIN & SALTZBURG LLC**

    By:   ***/s/ Patrick R. McHugh***
           ROBERT T. GROLNICK,
           Attorney I.D. No. 82173
           PATRICK MCHUGH
           Attorney I.D. No, 325953
           Centre Square, West Tower
           1500 Market Street, 32nd Floor
           Philadelphia, PA 19102
           215-561-4300
           grolnick@bbs-law.com
           patrick.mchugh@bbs-law.com
           Attorneys for Defendant

**EXHIBIT "A"**

# Court of Common Pleas of Philadelphia County
## Trial Division
# Civil Cover Sheet

*For Prothonotary Use Only (Docket Number)*

JUNE 2021

E-Filing Number: 2107003217

002613

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| DAMIAN DOYLE | LIBERTY MUTUAL INSURANCE COMPANY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 63 GREEN BRIAR DRIVE<br>PHOENIXVILLE PA 19469 | 175 BERKELEY STREET<br>BOSTON MA 02117 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| KAREN DOYLE | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 63 GREEN BRIAR DRIVE<br>PHOENIXVILLE PA 19469 | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 1 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[ ] Jury<br>[X] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

**CASE TYPE AND CODE**
10 - CONTRACTS OTHER

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

FILED
PRO PROTHY
JUL 02 2021
M. BRYANT

| IS CASE SUBJECT TO COORDINATION ORDER? |
|---|
| YES    NO |

## TO THE PROTHONOTARY:
Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: DAMIAN DOYLE , KAREN DOYLE

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| MICHAEL CASPER | 1617 JFK BLVD<br>SUITE 1270<br>PHILADELPHIA PA 19146 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)568-2900 | none entered | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 313385 | MCASPER@WDBLEGAL.COM |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| MICHAEL CASPER | Friday, July 02, 2021, 10:44 am |

FINAL COPY (Approved by the Prothonotary Clerk)

MAJOR CASE
JURY TRIAL DEMANDED

Filed and Attested by the
Office of Judicial Records
02 JUN 2021 10:54 am
Attorney: S. PICCAVETTI(s)

**WHEELER, DiULIO & BARNABEI, P.C.**
BY: Michael Casper, Esquire
Attorney I.D. No.: 313385
One Penn Center - Suite 1270
1617 JFK Boulevard
Philadelphia, PA 19103
Phone: (215) 568-2900
Email: mcasper@wdblegal.com

| | |
|---|---|
| DAMIAN DOYLE and KAREN DOYLE<br>63 Green Briar Drive<br>Phoenixville, PA 19469<br><br>vs.<br><br>LIBERTY MUTUAL<br>INSURANCE COMPANY<br>175 Berkeley Street<br>Boston, MA  02117 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br><br><br>DOCKET NO. |

## CIVIL ACTION COMPLAINT (1C - Contract)

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the Claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.
YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral Service
1101 Market St., 11th Floor
Philadelphia, PA 19107-2911
Telephone: 215-238-6333
Fax: 215-238-1159

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.
LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.
ASOCIACION DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E Informacion Legal
1101 Market Street, 11th Floor
Filadelfia, Pennsylvania 19107
(215) 238-6333

Case ID: 210602613

MAJOR CASE
JURY TRIAL WAIVED

**WHEELER, DiULIO & BARNABEI, P.C.**
BY: Michael Casper, Esquire                                    Attorney for Plaintiff(s)
Attorney I.D. No.: 313385
One Penn Center - Suite 1270
1617 JFK Boulevard
Philadelphia, PA 19103
Phone: (215) 568-2900
Email: mcasper@wdblegal.com

| | |
|---|---|
| DAMIAN DOYLE and KAREN DOYLE<br>63 Green Briar Drive<br>Phoenixville, PA 19460<br><br>vs.<br><br>LIBERTY MUTUAL<br>INSURANCE COMPANY<br>175 Berkeley Street<br>Boston, MA 02117 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br><br><br>DOCKET NO. |

## CIVIL ACTION COMPLAINT (1C - Contract)

1.    Plaintiffs, Damien Doyle and Karen Doyle, (hereinafter, collectively, referred to as "Plaintiff")], are adult individuals residing at the address set forth above.

2.    Defendant, Liberty Mutual Insurance Company, is a corporation duly organized and existing which is authorized to conduct business as an insurance company within the Commonwealth of Pennsylvania and maintains a place of business for that purpose at the address set forth above and regularly issues policies of insurance within the City and County of Philadelphia.

3.    Defendant, in its regular course of business issued to Plaintiff a policy of insurance ("the Policy") covering Plaintiff's property located at 63 Green Briar Drive, Phoenixville, PA 19460 ("the Property"). A copy of the Policy is not in Plaintiff's possession, but a copy of same is believed to be in Defendant's care, custody and control.

4.    On or about July 6, 2020, while the Policy was in full force and effect, Plaintiff suffered direct physical loss and damage to the insured Property believed to be the result of a

Case ID: 210602615

peril insured against under the Policy, namely, a hail storm, resulting in damage to the insured premises.

5. Notice of this covered loss was given to Defendant in a prompt and timely manner and Plaintiff, at all relevant times, fully complied with all of the terms and conditions required by the Policy.

6. Defendant, despite demand for benefits under the Policy, has refused, without legal justification or cause, and continues to refuse, to pay to Plaintiff monies owed for the damages suffered as a result of the Loss.

7. Solely as a result of Defendant's failure and refusal to pay benefits to Plaintiff as required under the Policy, Plaintiff has suffered loss and damage in an amount in excess of $50,000.00.

## COUNT I
### In Assumpsit - Breach of Contract

8. Plaintiff incorporates by reference the facts and allegations contained in the foregoing paragraphs as though fully set forth hereinafter at length.

9. Defendant is obligated by the terms of the contract to indemnify Plaintiff's loss.

10. Despite submission of reasonable proof and demand for full and complete payment with respect to Plaintiff's Loss, Defendant has not paid to Plaintiff all of the policy benefits to which Plaintiff is entitled under the Policy and has refused to provide funds sufficient to bring Plaintiff's property to pre-loss condition.

11. Defendant's denial of coverage was made without a reasonable basis in fact.

12. Defendant's refusal to indemnify Plaintiff's loss constitutes a breach of the insurance contract.

**WHEREFORE**, Plaintiff demands judgment against Defendant in an amount in excess of $50,000.00, together with interest and court costs.

Case ID: 210602615

## COUNT II
### In Trespass - 42 Pa.C.S.A. §8371

13. Plaintiff incorporates by reference the facts and allegations contained in the foregoing paragraphs as though fully set forth hereinafter at length.

14. Defendant has engaged in bad faith conduct toward Plaintiff with respect to its adjustment of Plaintiff's covered Loss, in violation of 42 Pa.C.S.A. §8371 et seq.

15. In furtherance of its bad faith and wrongful denial and refusal to pay benefits for Plaintiff's covered Loss, Defendant, acting by and through its duly authorized agents, servants, workmen or employees has engaged in the following conduct:

    a. by sending correspondence falsely representing that Plaintiff's loss caused by a peril insured against under the Policy was not entitled to benefits due and owing under the Policy;

    b. in failing to complete a prompt and thorough investigation of Plaintiff's claim before representing that such claim is not covered under the Policy;

    c. in failing to pay Plaintiff's covered loss in a prompt and timely manner;

    d. in failing to objectively and fairly evaluate Plaintiff's claim;

    e. in conducting an unfair and unreasonable investigation of Plaintiff's claim;

    f. in asserting Policy defenses without a reasonable basis in fact;

    g. in flatly misrepresenting pertinent facts or policy provisions relating to coverages at issue and placing unduly restrictive interpretations on the Policy and/or claim forms;

    h. in failing to keep Plaintiff or their representatives fairly and adequately advised as to the status of the claim;

    i. in unreasonably valuing the loss and failing to fairly negotiate the amount of the loss with Plaintiff or their representatives;

Case ID: 21060261⁚

      j.      in failing to promptly provide a reasonable factual explanation of the basis for the denial of Plaintiff's claim;

      k.      in unreasonably withholding policy benefits;

      l.      in acting unreasonably and unfairly in response to Plaintiff's claim;

      m.      in unnecessarily and unreasonably compelling Plaintiff to institute this lawsuit to obtain policy benefits for a covered loss, that Defendant should have paid promptly and without the necessity of litigation.

16.    For the reasons set forth above, Defendant has acted in bad faith in violation of 42 Pa.C.S.A. §8371, for which Defendant is liable for statutory damages including interest from the date the claim was made in an amount equal to the prime rate of interest plus three percent, court costs, attorneys' fees, punitive damages, and such other compensatory and/or consequential damages as are permitted by law.

**WHEREFORE**, Plaintiff demands judgment against Defendant in an amount in excess of $50,000.00, together with interest, court costs, counsel fees and damages for delay.

                                                  WHEELER DIULIO & BARNABEI, P.C.

                                                  BY:    */s/ Michael Casper*
                                                              MICHAEL CASPER, ESQUIRE
                                                              Attorney for Plaintiff(s)

## VERIFICATION

I, Michael Casper, counsel for Plaintiffs, verify that the statements contained in the foregoing document are true and correct to the best of my knowledge, information and belief, and are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

WHEELER DIULIO & BARNABEI, P.C.

BY: _/s/ Michael Casper_
 MICHAEL CASPER, ESQUIRE
 Attorney for Plaintiff(s)